**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-6723

MAURICE BYRD,

Plaintiff - Appellant,

versus

STATE OF NORTH CAROLINA; RICK JACKSON,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:06-cv-00054)

Submitted: August 16, 2006          Decided: September 18, 2006

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Maurice Byrd, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Maurice Byrd, a North Carolina inmate, appeals the district court's orders dismissing his 42 U.S.C. § 1983 (2000) complaint and his motion for reconsideration. We vacate and remand with instructions.

Byrd filed a complaint pursuant to § 1983 alleging that the North Carolina courts erred in denying his action challenging the validity of his state conviction. Byrd requested the district court "construe [his] § 1983 petition as a habeas corpus, order vacation of [his state] conviction of being a habitual felon and remand case to the [state] trial court for resentencing, on possession of fire-arm [sic] by convicted felon." The district court correctly noted that Byrd's complaint was inappropriate under § 1983 and should be construed as a petition filed under 28 U.S.C. § 2254 (2000). However, the court declined to do so and dismissed the complaint, finding that "any habeas action pursuant to 28 U.S.C. § 2254 filed by Plaintiff must be done so in the United States District Court for the Eastern District of North Carolina. Consequently, because a habeas filing would be dismissed for venue reasons by this Court, this Court declines to go through the motions of converting Plaintiff's filing."

A civil rights action under § 1983 is the appropriate vehicle to challenge the conditions of confinement, but not the fact or length of the confinement. <u>Preiser v. Rodriguez</u>, 411 U.S.

475, 498-99 (1973).  In order to challenge the fact or duration of his confinement, a state prisoner must seek federal habeas corpus relief or the appropriate state relief instead.  Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).  "[A] state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson, 544 U.S. at 81-83.  Because Byrd challenges his conviction, which affects the fact of his confinement, his complaint should be construed as a § 2254 petition, as noted by the district court.

We find the district court erred, however, in its dismissal of the complaint on the basis that even if it were construed as a § 2254 petition, it would nevertheless be dismissed for improper venue.  Byrd is incarcerated at the Lanesboro Correctional Institution in Polkton, Anson County, North Carolina, which is located in the Western District of North Carolina.  See 28 U.S.C. § 113 (2000).  His judgment of conviction was entered in Wake County, North Carolina, which is in the Eastern District of North Carolina.  Id.  He filed his § 1983 complaint in the Western District of North Carolina.  The court determined that if it construed Byrd's § 1983 complaint as a § 2254 petition, it would

still be dismissed because venue was improper since a § 2254 must be filed in the "district within which the state court was held which convicted and sentenced [Byrd]." However, "a prisoner contesting a conviction and sentence of a state court of a State which contains two or more federal judicial districts, who is confined in a district within the State other than that in which the sentencing court is located, has the option of seeking habeas corpus either in the district where he is confined or the district where the sentencing court is located." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 497 (1973); 28 U.S.C. § 2241(d). Thus, Byrd could properly file a § 2254 in the Western District of North Carolina. As noted by the district court, however, under the joint order of the District Courts for the Eastern, Middle, and Western Districts of North Carolina regarding Applications for Writs of Habeas Corpus by Persons in Custody Under Judgments and Sentences of State Courts, § 2254 petitions "shall be filed, heard, and determined in the district court for the district within which the state court was held which convicted and sentenced him, and the clerks of the several district courts are authorized and directed to transfer such applications to the district herein designated for filing, hearing, and determination." Therefore, while Byrd's § 2254 petition would ultimately need to be determined in the Eastern District of North Carolina under the joint order, we find it should not have been dismissed on that basis. The better

- 4 -

course would have been to transfer it to the appropriate district in accordance with the joint order. <u>Thompson v. North Carolina</u>, 1:06CV124-MU-02, 2006 U.S. Dist. LEXIS 20864, at *2 (W.D.N.C. April 13, 2006).

Accordingly, we vacate the district court's orders and remand with instructions that Byrd's filing be construed as a § 2254 petition and transferred to the appropriate district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>